IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP PACHECO,

    Plaintiff,

v.                                                                    No. 2:16-cv-1298 RJ/KRS

JOSHUA SIGALA,
ERNIE HOLGUIN, and
KATHLEEN HODGES,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's civil rights complaint (Doc. 1). Plaintiff is incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"). He appears *pro se* and is proceeding *in forma pauperis*. Plaintiff alleges that on October 28, 2016, Officers Sigala and Holguin searched his cell for contraband [Doc. 1, p. 3]. The officers found a shank, which Plaintiff asserts was planted. *Id.* Plaintiff was placed on "23 hour lockdown" and charged with possession of dangerous contraband. *Id.* In his complaint, Plaintiff asserts claims for perjury and conspiracy in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments [Doc. 1, p. 2]. He also claims prison officials deprived him of certain constitutional rights when they refused to provide employment, a bible, boxer shorts, socks, shoes, and other items for 20 days after the incident occurred [Doc. 1, p. 4].

The complaint was filed 30 days after the incident took place, and apparently before Plaintiff submitted an internal grievance. Inmates are required to exhaust administrative remedies before bringing a civil rights claim, and suits filed before the exhaustion requirement is met must be dismissed. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the [Prison Litigation Reform Act] "PLRA" and ... unexhausted claims cannot be

brought in court."). The "failure to exhaust … is an affirmative defense" and need not be examined in every case as part of the screening process under the PLRA. *Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011). However, where "it is clear on the face of [Plaintiff's] complaint that he ha[s] not exhausted his administrative remedies, … the district court properly may raise the exhaustion question sua sponte ... and seek additional information from [Plaintiff]." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007).

The complaint explicitly states Plaintiff has not sought any administrative relief in connection with the incidents described above [Doc. 1, p. 4]. Specifically, section D requires Plaintiff to describe what steps he took to seek "informal or formal relief from the appropriate administrative officials" or "exhaust[] available administrative remedies." *Id.* In response to both questions, Plaintiff wrote "none." *Id.* The Court will therefore require Plaintiff to show cause why his case should not be dismissed for failing to exhaust administrative remedies. If Plaintiff fails to demonstrate that he completed SNMCF's internal grievance procedure or otherwise exhausted his administrative remedies prior to filing suit, the case may be dismissed without further notice.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Plaintiff must file a response showing cause, if any, why his civil rights case should be not dismissed for failure to exhaust administrative remedies.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE