# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILIP PACHECO,

    Plaintiff,

v.                                               No. 2:16-cv-1298 RJ/KRS

JOSHUA SIGALA,
ERNIE HOLGUIN, and
KATHLEEN HODGES,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Plaintiff's civil rights complaint (Doc. 1). Plaintiff is incarcerated at the Southern New Mexico Correctional Facility. He appears *pro se* and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the complaint for failure to prosecute and comply with court orders.

Plaintiff filed the complaint on November 28, 2016. He alleges that a month earlier, Officers Sigala and Holguin searched his cell for contraband. *See* Doc. 1, p. 3. The officers found a shank, which Plaintiff asserts was planted. *Id.* Plaintiff was placed on "23 hour lockdown" and charged with possession of dangerous contraband. *Id.* He asserts claims for perjury and conspiracy in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. *Id.* at p. 2. He also claims prison officials deprived him of certain constitutional rights when they refused to provide employment, a bible, boxer shorts, socks, shoes, and other items for 20 days after the incident occurred. *Id.* at p. 4.

The complaint was filed 30 days after the contraband search. It explicitly states Plaintiff did not exhaust his administrative remedies before filing suit as required by the Prison Litigation

Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the 'PLRA' and ... unexhausted claims cannot be brought in court."). Specifically, section D of the complaint requires Plaintiff to describe what steps he took to seek "informal or formal relief from the appropriate administrative officials" or "exhaust[] available administrative remedies." *See* Doc. 1, p. 4. In response to both questions, Plaintiff wrote "none." *Id.*

By a Memorandum Opinion and Order entered August 14, 2017, the Court allowed Plaintiff 30 days to show cause, if any, why his case should be not dismissed for failure to exhaust his administrative remedies. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (Where "it is clear on the face of [Plaintiff's] complaint that he ha[s] not exhausted his administrative remedies, ... the district court properly may raise the exhaustion question sua sponte ... and seek additional information from [the plaintiff]."). Plaintiff did not respond. The Court will therefore dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) ... has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the ... court's orders.").

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's Order.

_____
UNITED STATES DISTRICT JUDGE

2